# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| LETICIA WILSON, | |
| Plaintiff, | 1:07-cv-24 |
| v. | |
| VIRGIN ISLANDS WATER AND POWER AUTHORITY, | |
| Defendant. | |

TO:  Lee J. Rohn, Esq.
     Gina Dyer-Cintron, Esq.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant to Supplement Responses to Discovery (Docket No. 112). Defendant filed an opposition to said motion. Plaintiff filed a reply after making a second motion for extension of time to file reply.

As the record reflects, in its Final Scheduling Order (Docket No. 42), entered May 6, 2009, the Court set the deadline for discovery at July 31, 2009. Plaintiff's Motion to Compel was filed on May 19, 2010, nearly ten (10) months after the close of discovery. This Court previously has stated that "motions to compel discovery must be filed within the time allowed for discovery itself." *Clarke v. Marriot Int'l, Inc.*, No. 1:08-cv-00086, 2010 U.S.

*Wilson v. Virgin Islands Water and Power Authority*
1:07-cv-24
Order Denying Plaintiff's Motion to Compel
Page 2

Dist. LEXIS 40813 (D.V.I. Apr. 23, 2010). The Court is not alone in requiring motions to compel discovery be filed within the time allowed for discovery:

> Although Fed. R. Civ. P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion. *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. *Clinchfield R. Co. v. Lynch*, 700 F.2d 126, 132 n.10 (4th Cir. 1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. *DesRosiers v. Moran*, 949 F.2d 15, 22 n.8 (1st Cir. 1991). It is especially important that a party file its motion before discovery cutoff. *American Motorists Insurance Co. v. General Host Corp.*, 162 F.R.D. 646, 647-48 (D. Kan. 1995) (motion to compel denied where defendant made "absolutely no effort" to file motion before discovery deadline).

*Continental Industries, Inc. v. Integrated Logistics Solutions, L.L.C.*, 211 F.R.D. 442, 444 (N.D. Okla. 2002). *See also, e.g.*, *Ayala-Gerena v. Bristol Meyers-Squibb, Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (where the appellate court ruled that the district court's denial of "what was clearly" an untimely motion to compel document production was not an abuse of discretion where movants "waited more than one month after a second extended discovery deadline had elapsed to properly request an order"); *Lloyd v. Waffle House, Inc.*, 347 F. Supp. 2d 249, 256 (W.D.N.C. 2004) (where the court flatly declares, "A motion to compel discovery must be

*Wilson v. Virgin Islands Water and Power Authority*
1:07-cv-24
Order Denying Plaintiff's Motion to Compel
Page 3

filed within the discovery deadline"); *Capozzi v. Gale Group, Inc.*, Civil No. 3:00CV2129 (WWE), 2002 WL 1627626 (D. Conn. June 24, 2004) (where the court denied a motion to compel that was filed three days after a second extended discovery deadline); *Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.*, No. 99-2656-GV, 2001 WL 1910058, at *4 (W.D. Tenn. September 21, 2001) (where the court states, "Moreover, the motion to compel was filed with the court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed. If for no other reason, the motion should be denied as untimely filed after the discovery deadline") (footnote omitted)). Here, Plaintiff's motion was filed nearly ten (10) months after the close of discovery.

Plaintiff argues that she filed the motion "as soon as the filings and receipt of certain documents necessary to file a motion to compel were received." Reply (Docket No. 120), at 1. This is not the case. Plaintiff submitted her request to supplement to Defendant on July 28, 2009, three (3) days before the close of discovery and over one (1) month after the interrogatories were answered by Defendant. Further, Plaintiff waited eight (8) months after the parties held a meet and confer to file the present motion to compel. Defendant maintains its position that it did not agree to supplement its responses at the meet and confer throughout the entirety of the parties' negotiations. Plaintiff, therefore, potentially would have had a legitimate argument for the timeliness of her motion had it been filed

*Wilson v. Virgin Islands Water and Power Authority*
1:07-cv-24
Order Denying Plaintiff's Motion to Compel
Page 4

soon after the meet and confer. This is not the case. It took eight (8) months for the motion to be filed. Plaintiff further suggests that the parties had sent letters back and forth negotiating the supplementation of the interrogatories, but only points to letters sent to Defendant in March, nearly six (6) months after the meet and confer. Based upon the foregoing, the Court finds that Plaintiff's motion is untimely.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion for Extension of Time to File Reply (Docket No. 119) is **GRANTED**.

2. Plaintiff's Motion to Compel Defendant to Supplement Responses to Discovery (Docket 112) is **DENIED**.

ENTER:

Dated: June 18, 2010

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE